MEMORANDUM **
Cool Fuel, Incorporated (“Cool Fuel”), a reorganized debtor, appeals from the Bankruptcy Court’s entry of judgment on remand in favor of the Board of Equaliza *454 tion of the State of California (the “Board”), and the Bankruptcy Court’s denial of its motion for relief pursuant to Federal Rule of Civil Procedure 60(b). We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1) and affirm.
Cool Fuel asserts that the Bankruptcy Court improperly entered judgment on remand from this court because the district court’s prior sanctions order was not, and could not have been, before the Ninth Circuit in the Board’s appeal. We review the scope of this court’s prior mandate de novo. United States v. Kellington, 217 F.3d 1084, 1092 (9th Cir.2000). Although matters that were adjudicated on the first appeal are no longer open to reexamination, Coleman Co. v. Holly Mfg. Co., 269 F.2d 660, 664 (9th Cir.1959), “[a]n order issued after remand may deviate from the mandate ... if it is not counter to the spirit of the circuit court’s decision.” Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400,1404 (9th Cir.1993) (citation omitted).
Cool Fuel’s objections to the entry of judgment are not well taken. Our disposition of the Board’s appeal specifically instructed the Bankruptcy Court “to enter judgment in favor of the Board.” Moreover, we find it significant that: (1) the sanctions order was entered before the summary judgment order; (2) the sanctions order was provisional and did not finally adjudicate any facts; (3) the sanctions order was fully briefed in the Board’s appeal; (4) Cool Fuel represented to this court in the Board’s appeal that there were no material facts in dispute; and (5) the most reasonable reading of our prior disposition is that we considered the discovery issues. Accordingly, the district court properly entered judgment in favor of the Board.
Cool Fuel asserts that the Bankruptcy Court did not consider the Rule 60(b) motions on their merits and that the motions were compelling. Our review of the record shows that the Bankruptcy Court considered Cool Fuel’s Rule 60(b) motions on their merits, but found them not persuasive. The denial of a motion for relief under Rule 60(b) is reviewed for an abuse of discretion. Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000).
The Bankruptcy Court’s denial of Cool Fuel’s Rule 60(b) motions was well reasoned. It reasonably denied relief under Rule 60(b)(2) because Cool Fuel knew of the discovery issues before the entry of judgment and the issues were not likely to change the disposition of the case. The Bankruptcy Court reasonably denied relief under Rule 60(b)(3) because there was no evidence of “fraud, misrepresentation, or other misconduct,” and the alleged conduct did not prevent Cool Fuel from fully and fairly presenting its case. The Bankruptcy Court properly denied relief under Rule 60(b)(6) because Cool Fuel failed to demonstrate both injury and circumstances beyond its control that prevented it from proceeding in a proper fashion. See United States v. Washington, 394 F.3d 1152, 1157 (9th Cir.2005).
For the forgoing reasons the Bankruptcy Court’s entry of judgment in favor of the Board and its denial of Cool Fuel’s Rule 60(b) motions are AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.